UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL,<br><br>Plaintiff,<br><br>v.<br><br>DONALD WASHINGTON, et al.,<br><br>Defendants. | No. 2:21-cv-00469 AC<br><br><br><br>ORDER |

Plaintiff, a pretrial detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff is a federal pretrial detainee being held in the Sacramento County Jail, who challenges the conditions of his confinement at the jail. The undersigned takes judicial notice of the fact that plaintiff is charged in Case No. 2:19-cr-00107 KJM with offenses including racketeering conspiracy, conspiracy to commit murder, and multiple drug offenses.[1] It is a potentially capital prosecution. The government has alleged that plaintiff is an Aryan Brotherhood member who ran a major racketeering enterprise from within state prison. Plaintiff was transferred from the custody of the California Department of Corrections and Rehabilitation to the custody of the U.S. Marshal for purposes of the present federal prosecution. The USMS contracts with Sacramento County for the housing of federal pretrial detainees at the county jail.

The complaint presents six claims, which are detailed below. Plaintiff challenges several conditions of his confinement—placement in an "extreme isolation" unit without a hearing, denial of outdoor recreation, frequent cell moves, and unsanitary conditions—and alleges that he has been denied adequate access to his lawyers and denied a religious diet. Plaintiff names eight defendants: Donald Washington, Director of the U.S. Marshal Service; Sacramento County Sheriff Scott Jones; Sacramento County Jail Commander Brandon Luke; Assistant Commander

---

[1] See Fed. R. Evid. 201(b). It is well established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986).

3

McKarsie; Supervisors Folena and Schaller; Intelligence Deputy Saika; and the jail chaplain, who is not identified by name.

IV. Failure to State a Claim

    A. Overarching Defects

        1. Federal Officers Cannot be Liable Under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a cause of action for constitutional violations committed by persons acting under color of state law; section 1983 claims do not lie against persons who are not acting on behalf of the state. West v. Atkins, 487 U.S. 42, 58 (1988). For this reason, § 1983 does not provide a cause of action for constitutional violations committed by federal officials. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988). Accordingly, all claims fail against defendant Washington, Director of the USMS. Amendment of any § 1983 claim against Washington would be futile.[2]

        2. Lack of Factual Allegations as to Individual Defendants

To establish the liability of any defendant, plaintiff must plead facts demonstrating how the specific acts or omissions of that person caused the alleged constitutional violation(s). See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). None of the claims in the complaint specify who was responsible for the challenged conditions or deprivations of rights. Plaintiff will be given the opportunity to amend the complaint in order to clarify which defendant caused which alleged violation(s), and how.

        3. Lack of Factual Allegations as to Unconstitutional Policies

To the extent that plaintiff's theory of liability as to any claim rests on the existence of a county policy or custom, see Monell v. Department of Social Services, 436 U.S. 658, 694 (1978),

---

[2] The U.S. Supreme Court recognized a limited cause of action against federal officials for civil rights violations in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Bivens claims are generally limited to alleged violations of the Fourth Amendment and inadequate medical care in violation of the Eighth Amendment; the Supreme Court has also recognized the availability of Bivens to seek redress for gender discrimination in violation of the Fifth Amendment. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). Further extensions of Bivens are disfavored. Id. at 1857. None of plaintiff's allegations suggest a cognizable Bivens claim. Nor has plaintiff alleged any facts showing that the U.S. Marshal or any member of the USMS caused any of the conditions of which plaintiff complains.

4

he must allege what the policy is and how it caused the violation of his rights. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). Because plaintiff may be able to specify the policy or policies that allegedly caused the violations of his rights, he will be granted leave to amend.

                4.   Rights of Pretrial Detainees Generally, and Applicable Pleading Standards

The rights of pretrial detainees are grounded in the Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). Detainees have a substantive due process right against restrictions that amount to punishment. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." Hatter v. Dyer, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing Block v. Rutherford, 468 U.S. 576, 584 (1984)).

In the first step of this inquiry, "the harm or disability . . . must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. at 1030 (citing Bell, 441 U.S. at 537). To determine punitive intent, courts "first examine whether the restriction is based upon an express intent to inflict punishment." Valdez, 302 F.3d at 1045 (citing Salerno, 481 U.S. at 746). Courts "next consider whether punitive intent can be inferred from the nature of the restriction. This determination . . . will generally turn upon 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether [the restriction] appears excessive in relation to the alternative purpose assigned [to it].'" Id. (citing Bell, 441 U.S. at 539) (brackets in original).

As to any condition of confinement alleged to be unconstitutional, plaintiff must plead facts that demonstrate both (1) harm to plaintiff and (2) an intent to punish plaintiff, rather than a

5

legitimate penological rationale, motivating the challenged action or restriction. He has not done so in the complaint before the court. Conclusory allegations regarding intent are insufficient. See Iqbal, 556 U.S. at 678. At a minimum plaintiff must state facts which, accepted as true, support an inference of punitive effect and intent as to any particular condition he challenges.

### B. Claim One: Placement in Isolation Unit

Claim One alleges that plaintiff has been housed since his transfer to the jail in an extreme isolation unit where he remains in his cell for 23 hours a day. Plaintiff did not receive notice or an opportunity to be heard in relation to his placement in total isolation. ECF No. 1 at 6, 7. The court surmises from the complaint's reference to 8 West, id. at ¶ 23, that plaintiff is housed in the jail's Total Separation Unit.[3]

A pretrial detainee may not be subjected to disciplinary segregation as punishment for violation of jail rules and regulations without notice and a hearing. See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996). Plaintiff's restricted housing status, however, is not alleged to be a punitive response to violation of jail rules.

To the extent that plaintiff was assigned to the Total Separation Unit on the basis of his classification status, his claim falters. The Ninth Circuit has held that pretrial detainees have "no constitutional right to a particular classification status." Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Jails may take measures to maintain institutional security and preserve internal order, even when such measures infringe on specific constitutional guarantees; such measures "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell, 441 U.S. at 546-547; see also Salerno, 481 U.S. at 747 (there is no constitutional infringement if restrictions are "but an incident of some other legitimate government purpose.").

////

---

[3] The Total Separation Unit "is reserved for inmates that present a high security risk, such as inmates accused of notorious crimes, inmates who have demonstrated an unwillingness to follow facility rules, inmates that have been violent with others, and inmates that may be targets of violence by other inmates. . . . Inmates in the Total Separation Unit are housed in a cell alone and separated from all other inmates." Harlan v. County of Sacramento, Case No. 2:16-cv-02400-JAM, ECF No. 21 at 2, 2018 U.S. Dist. LEXIS 53773 *1-2 (E.D. Cal. March 29, 2018).

6

To state a claim for violation of his Fourteenth Amendment rights by placement in the Total Separation Unit, plaintiff must show that his housing classification (1) has caused him to suffer harm or disability, and (2) the purpose of the classification was to punish him. See Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). Plaintiff will be given the opportunity to amend.

### C. Claim Two: Denial of Contact Visits with Counsel

The complaint alleges that plaintiff has not been allowed contact visits with his legal team, in violation of his Sixth Amendment right to counsel. ECF No. 1 at 6, 7-8. The complaint does not specify the dates of denials or even a date range, the number of times contact visits have been requested or attempted and disallowed, who disallowed the visits, or defendants' stated reasons (if any) for disallowing the visits.

Sixth Amendment rights are trial rights. See Martinez v. Court of Appeal, 528 U.S. 152, 160-61 (2000). The Ninth Circuit has never recognized a cognizable claim for damages under § 1983 for restrictions on the attorney-client relationship in alleged violation of the Sixth Amendment.[4] The constitutional right of access to courts, however, see Bounds v. Smith, 430 U.S. 817, 821 (1977), includes contact visitation with counsel. Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990). This right is not absolute, however; like other rights of pretrial detainees, the right to contact visits may be denied for legitimate reasons. See Block, 468 U.S. at 585-89; Salerno, 481 U.S. at 747. To state a denial of access claim, the plaintiff must state facts showing that he suffered an actual injury—that the defendants' actions "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Because there are no such factual allegations here, plaintiff has failed to state a claim for relief.

Moreover, the complaint does not identify the defendant(s) responsible for denying contact legal visits, or state whether the denial is specific to plaintiff or pursuant to a jail policy of

---

[4] In an unpublished case, the Court of Appeals has relied on Martinez to reject alleged Sixth Amendment violations as the basis for a cognizable claim under § 1983. Devon v. Roe, 81 Fed. Appx. 147, 2003 U.S. App. LEXIS 23201 (9th Cir. 2003). The absence of authority for the right asserted by plaintiff would support dismissal at the screening stage on grounds of qualified immunity. See Chavez v. Robinson, 817 F.3d 1162, 1169 (9th Cir. 2016) (district court may dismiss § 1983 complaint sua sponte and pre-service on grounds of qualified immunity).

general application—whether a jail-wide policy such as a COVID-19 precaution, or one specific to plaintiff's security status and/or the Total Separation Unit. The constitutionality of the denial of contact visits cannot be assessed even at the screening stage without this factual context. Plaintiff accordingly will be granted leave to amend.

### D. Claim Three: Denial of Confidential Attorney-Client Visits

The complaint summarily alleges that plaintiff is not allowed a room for legal visits that is confidential. ECF No. 1 at 6, 8.

As with Claim Two, plaintiff cannot base a § 1983 claim on his Sixth Amendment right to counsel, but he may assert a constitutional claim based on the First Amendment. The right of access to courts encompasses the right of an inmate to talk with his attorney in a confidential setting. Hydrick v. Hunter, 500 F.3d 978, 999 (9th Cir. 2007) (overruled on other grounds). This right is not unlimited, however, and the complaint lacks the factual detail necessary for a determination at screening whether plaintiff has stated a claim. The complaint does not describe the conditions under which plaintiff meets with his legal team, what individual or policy is responsible for those conditions, or what justification if any the jail has provided. Accordingly, it cannot be determined whether the conditions complained of support a claim for relief. Plaintiff will be permitted to amend.

### E. Claim Four: Denial of Outside Exercise

The complaint alleges in conclusory fashion that plaintiff's Eighth Amendment rights have been violated by the failure to provided "adequate outside recreation." ECF No. 1 at 8. Plaintiff explains that he has not been allowed outside since October of 2020. Id. at 6. Elsewhere he alleges that he is confined to his cell for 23 hours a day; he does not say whether he is provided the opportunity to exercise during the one hour a day that he is out of his cell.

In the prison context, exercise is one of the basic human necessities protected by the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of inmates. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). But restrictions on exercise for security reasons do not violate the Constitution. See, e.g., LeMaire, 12

F.3d at 1458 (upholding long-term denial of outdoor exercise to prisoner posing serious security risk who can exercise in his cell).[5] Plaintiff has not pled facts showing that limitations on his exercise opportunities exceed those limitations that are permissible for security or other legitimate purposes. Nor has he alleged facts demonstrating punitive intent. See Demery, 378 F.3d at 1029. Plaintiff will be granted leave to amend.

### F. Claim Five: Cell Moves and Sanitation

The complaint alleges that since June 2020, plaintiff has been moved to a different cell every 7 to 14 days, and that these moves have exposed him to unspecified unsanitary conditions. ECF No. 1 at 7, 8.

Frequent cell moves do not implicate any constitutional right, and the complaint is devoid of facts suggesting that the moves at issue are made for any constitutionally prohibited purpose. The conclusory allegation that plaintiff is being moved "solely as punishment," ECF No. 1 at 8, is insufficient. Plaintiff must plead facts that demonstrate punitive intent and effect.

Unsanitary conditions can, when severe enough, violate the Eighth Amendment rights of convicted prisoners by rising to level of cruel and unusual punishment, or violate the Fourteenth Amendment rights of pretrial detainees by rising to the level of punishment. See Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995); Martino v. Carey, 563 F. Supp. 984, 999-1000 (D. Or. 1983). Because the complaint before the court does not describe the allegedly unsanitary conditions, it is impossible to determine whether such conditions plausibly rise to the level of a constitutional violation. Plaintiff will be granted leave to amend.

### G. Claim Six: Denial of Religious Diet

The complaint alleges that plaintiff requested a vegetarian diet for (unspecified) religious reasons, but that he has not received one. ECF No. 1 at 7, 8-9.

---

[5] Although LaMaire is an Eighth Amendments case regarding the rights of convicted prisoners to be free of punishment that is "cruel and unusual," and plaintiff here is a pretrial detainee who may not be punished, the same principle applies. To state a claim, plaintiff must plead facts showing that the denial of outdoor exercise rises to the level of punishment and is not a permissible "regulatory restraint" justified by security considerations. See Bell, 441 U.S. at 537.

Incarcerated people retain their First Amendment right to the free exercise of religion. See McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, punctuation and alterations omitted). "[R]equiring a believer to defile himself by doing something that is completely forbidden by his religion is different from (and more serious than) curtailing various ways of expressing beliefs for which alternatives are available." Ashelman v. Wawrzaszek, 111 F.3d 674, 677 (9th Cir. 1997).

The complaint is devoid of facts demonstrating that the denial of vegetarian meals substantially burdens plaintiff's exercise of his religion. Plaintiff has not specified his religion, identified his dietary restrictions and their religious significance, nor explained how the diet he receives coerces him into violating his religious beliefs. Accordingly, plaintiff has not pled facts indicating that his First Amendment rights have been violated. He will be permitted to amend.

H.  The Complaint Will Not Be Served

For the reasons explained above, the facts alleged in the complaint fail to state any claim for which relief may be granted against any defendant. Accordingly, the complaint is subject to summary dismissal under 28 U.S.C. § 1915A. Because the court cannot conclude that amendment would be futile, plaintiff will be given the opportunity to amend.

V.  Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,

588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint will not be served because the facts you have alleged are not enough to state a claim for relief. The problems with each specific claim are explained above. In general, the Eighth Amendment does not apply because you are a pretrial detainee. To challenge any condition of your confinement, you must state facts showing (1) that the condition is harming you and (2) that you are being subjected to it in order to punish you rather than for reasons of jail security. Also, for each claim you must specify which defendant(s) are responsible and what they did or didn't do that caused the violation of your rights. If you are challenging a jail policy, you need to say what the policy is and how it has been applied to you.

You may file an amended complaint. If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint has been screened pursuant to 28 U.S.C. § 1915A and found not to state a claim for relief.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 11, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

yand0469.14.new

13