UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL, | No. 2:21-cv-0469 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DONALD WASHINGTON, et al., | |
| Defendants. | |

Plaintiff, a federal pretrial detainee proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's motion for a preliminary injunction. ECF No. 7. For the reasons stated below, the undersigned will recommend that the motion be denied.

I. PLAINTIFF'S COMPLAINT AND MOTION FOR INJUNCTIVE RELIEF

A. The Complaint

Plaintiff, who is currently detained at the Sacramento County Main Jail pending prosecution in Case No. 2:19-cr-00107 KJM, challenges the conditions of his confinement. Plaintiff names eight defendants: Donald Washington, Director of the U.S. Marshal Service; Sacramento County Sheriff Scott Jones; Sacramento County Jail Commander Brandon Luke; Assistant Commander McKarsie; Supervisors Folena and Schaller; Intelligence Deputy Saika;

and the jail chaplain, who is not identified by name. The complaint, filed on March 15, 2021 (ECF No. 1) alleges multiple violations of plaintiff's constitutional rights.

The undersigned has screened the complaint under 28 U.S.C. § 1915A and found that none of the allegations state a claim upon which relief can be granted. ECF No. 8. Accordingly, the complaint has not been served on any defendant. Plaintiff has been granted leave to amend. Id.

### B. The Motion for Preliminary Injunction

Plaintiff's motion for preliminary injunctive relief alleges that around August 2020, "jail staff began to move [him] arbitrarily from cell to cell every 7 to 14 days in a scheme of planned harassment." ECF No. 7 at 1. The cell moves occur each time that plaintiff is taken for a body scan, which involves his exposure to newly arrived arrestees. Id. at 1-2. He alleges that this has unnecessarily exposed him to potential contraction of COVID-19. See id. Plaintiff further alleges that the cells in which he is being housed are unsanitary and that he is not provided with proper disinfectant. See ECF No. 7 at 2. These allegations mirror those of Claim Five of the complaint, ECF No. 1 at 7, 8.

Plaintiff seeks an order enjoining the cell moves and generally directing defendants collectively to respect his rights. He argues that current conditions, if allowed to continue, will create a substantial risk of irreparable harm to him in the form of COVID-19 infection, possibly resulting in complications and/or death. ECF No. 7 at 2.

## II. APPLICABLE LAW

"A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). When evaluating the merits of a motion for preliminary injunctive relief, the court considers several factors. Under Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Winter, 555 U.S. at 20; see Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Sormans, Inc., 586 F.3d at 1127 (generally acknowledging same). The propriety of a request for injunctive relief hinges on demonstrated and immediate threatened irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674-75 (9th Cir. 1988); see also Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991) (plaintiff must do more than merely allege imminent harm, he must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. See Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963). Additionally, an injunction against individuals who are not parties to the action is strongly disfavored. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

III.    DISCUSSION

Plaintiff's motion for a preliminary injunction must be denied for several reasons. First, the complaint has been found not to state a claim for relief, including on the grounds which form the basis for the motion. No defendant has been served. Without a viable complaint that states a cognizable claim, there is no basis for this court to exercise the jurisdiction necessary to provide injunctive relief. See Sires, 314 F.2d at 884.

Second, the undersigned specifically found on screening that plaintiff's allegations do not, even liberally construed, demonstrate that his Fourteenth Amendment rights are being violated by the cell moves. The allegations of unsanitary conditions and increased COVID-19 exposure due to cell moves are entirely conclusory. See ECF No. 1 (complaint) at 7, 8; ECF No. 7 (motion for

preliminary injunction) at 1-2.  Accordingly, plaintiff has not demonstrated a likelihood of success on the merits of Claim Five of his complaint.  Injunctive relief is therefore unavailable.  See Winter, 555 U.S. at 20.

Third, as the undersigned found on screening, plaintiff's allegations regarding risk of harm are entirely speculative.  The motion for preliminary injunctive relief does not provide additional factual allegations that indicate either unconstitutionally unsafe conditions or a realistic threat of imminent harm.  Accordingly, plaintiff has failed to demonstrate the likelihood of irreparable harm in the absence of an injunction.  See Winter, 555 U.S. at 20; see also Fed. R. Civ. P. 65(b)(A)(1) (movant must provide specific facts clearly showing immediate and irreparable injury, loss or damage will result before adverse party can be heard in opposition).  The court has no illusions about the seriousness of COVID-19, but plaintiff has not presented facts demonstrating that the cell moves and unspecified unsanitary conditions make it *likely* that he will contract the virus and consequently suffer irreparable harm.  Indeed, plaintiff himself describes his risk of contracting COVID as "potential."  ECF No. 7 at 2.  Speculative injury does not constitute irreparable injury sufficient to warrant issuance of preliminary injunction.  Caribbean Marine Servs. Co., 844 F.2d at 674.

## CONCLUSION

For all these reasons, plaintiff's motion for a preliminary injunction should be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified
////

4

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE