**FILED**

1 | Ronald Yandell /5045824

2 | Sacramento Main Jail

JUN 0 1 2021

3 | 651 "I" Street

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

4 | Sacramento, CA. 95814

5 | IN PRO SE

6 | In the United States District Court

7 | For the Eastern District of California

8 |

9 | Ronald Yandell
   PLAINTIFF

CASE NO. 2:21-CV-000469-JAM-AC

10 | v.

11 | 1) Sheriff Scott Jones

First Amended Complaint

12 | 2) Commander Brandon Luke

13 | 3) Assistant Commander McKinstie badge # 165

Demand For Jury Trial

14 | 4) Assistant Commander Hampton badge # 50

15 | 5) Sgt. Schaller badge # 2021

16 | 6) Sgt. Pfau badge # 128

17 | 7) Sgt. Snika badge # 38

18 | 8) Chaplain Terry Toliver
      Defendants

19 |

20 |

21 | COMPLAINT

22 | INTRODUCTION

23 | 1. Plaintiff Ronald Yandell is a pre-trial detainee

24 | incarcerated in the custody of the Sacramento County

25 | Main Jail.

26 | 2. On 7.1.19 plaintiff was transferred from New

27 | Folsom State Prison to the Sacramento County Main Jail

28 | to face Federal charges.

3. ON PLAINTIFF's ARRIVAL ON 7-1-19 HE WAS PLACED IN TOTAL SEPARATION (T-SEP) 8-WEST WHICH is designated RESTRICTED HOUSING.

4. PLAINTIFF WAS NEVER GIVEN NOTICE, OR ANY TYPE OF HEARING ON WHAT EVIDENCE WAS USED, OR WHO IT WAS THAT MADE THE DECISION TO PLACE PLAINTIFF IN EXTREME ISOLATION.

5. PLAINTIFF is CHALLENGING THE CONSTITUTIONALITY OF THE POLICY, PROCESS, RULES AND PROCEDURES ON THE JAIL's DECISION TO PLACE PLAINTIFF IN (T-SEP) WITHOUT TRANSPARENCY.

6. PLAINTIFF is FACING A POTENTIAL DEATH PENALTY CASE AND THE ATTORNEY/CLIENT VISITING BOOTH PROVIDED ON 8-WEST is NOT SOUND PROOF.

7. PLAINTIFF CAN NOT DISCUSS HIS CASE WITH HIS LEGAL TEAM WITHOUT BEING OVERHEARD BY OTHER PRISONERS AND DEPUTIES.

8. PLAINTIFF is CHALLENGING THE CONSTITUTIONALITY OF THE JAIL's POLICY CONCERNING PLAINTIFF's ACCESS TO OUTSIDE RECREATION.

9. PLAINTIFF is CHALLENGING THE UNDERGROUND POLICY OF MOVING PLAINTIFF CELL TO CELL EVERY 7 TO 21 DAYS SOLEY FOR THE PURPOSE OF HARASSMENT AFTER ALTERCATION WITH DEPUTIES.

10. PLAINTIFF is CHALLENGING THE CONSTITUTIONALITY OF PLACING HIM IN UNSANITARY CELLS ON FORCED MOVES WITHOUT PROPER CLEANING SUPPLIES AND PROTECTIVE GLOVES.

11. Plaintiff is challenging the constitutionality of Chaplain Terry Toliver denial of Plaintiff's multiple requests and grievances requesting a vegetarian diet in line with Plaintiff's Buddhism beliefs and practices.

## Jurisdiction

12. This cause of action arises under the United States constitution, enforceable pursuant to 42 U.S.C. §1983. Jurisdiction is proper pursuant to 28 U.S.C. §§ 2201 and 2202.

## Venue

13. Venue is proper under 28 U.S.C. §1391(b)(2), because the events and omissions give rise to the claims occurring in this district.

## Parties

14. Plaintiff Ronald Yandell is a pre-trial detainee incarcerated in the custody of the Sacramento County Sheriff Department, and is currently housed at the Sacramento County Main Jail.

15. Defendant Scott Jones is elected Sheriff of the Sacramento County Sheriff Department. He has overall responsibility for the policies, procedures, operations and supervision of the Sheriff Department, it's employees, agents, and jail. Thus, Defendant Jones is responsible for the acts complained of

1  HEREIN, VIA HIS CAPACITY OF POLICYMAKER. HE IS SUED
2  IN HIS OFFICIAL CAPACITY FOR INJUNCTIVE RELIEF, AND IN
3  HIS INDIVIDUAL CAPACITY FOR DAMAGES.
4     16. DEFENDANT BRANDON LUIKE IS THE COMMANDER
5  OF THE SACRAMENTO COUNTY MAIN JAIL WHO HOLDS THE RANK
6  OF CAPTAIN. HE HAS DIRECT RESPONSIBILITY FOR THE POLICIES,
7  PROCEDURES, OPERATIONS AND SUPERVISION OF THE EM-
8  PLOYEES, AGENTS, AND DEPUTIES OF THE SACRAMENTO COUNTY
9  MAIN JAIL. HE HAS DIRECT RESPONSIBILITY FOR THE CON-
10 DITIONS OF CONFINEMENT AT THE SAC. MAIN JAIL AS THE
11 COMMANDER. THUS, DEFENDANT LUIKE IS RESPONSIBLE
12 FOR THE ACTS COMPLAINED OF HEREIN, VIA HIS POSITION
13 OF OVERSEER, AND HIS CAPACITY AS POLICYMAKER.
14 HE IS SUED IN HIS OFFICIAL CAPACITY FOR INJUNCTIVE
15 RELIEF, AND IN HIS INDIVIDUAL CAPACITY FOR DAMAGES.
16    17. DEFENDANT MCKRASIE IS AN ASSISTANT COMMAND-
17 ER AT THE SACRAMENTO COUNTY MAIN JAIL WHO HOLDS THE
18 RANK OF SERGEANT BADGE #165. DEFENDANT MCKRASIE DENIED
19 PLAINTIFF'S GRIEVANCE THROUGH THE JAIL'S ADMINISTRATIVE
20 REMEDY PROCEDURES. DEFENDANT MCKRASIE IS AN ACTIVE
21 PARTICIPANT FOR THE ACTS COMPLAINED HEREIN, VIA HIS
22 DIRECT INVOLVEMENT, AND IN HIS CAPACITY AS DECISION
23 MAKER. HE IS SUED IN HIS OFFICIAL CAPACITY FOR IN-
24 JUNCTIVE RELIEF, AND IN HIS INDIVIDUAL CAPACITY FOR
25 DAMAGES.
26    18. DEFENDANT HAMPTON IS AN ASSISTANT COMMAND-
27 ER AT THE SACRAMENTO COUNTY JAIL WHO HOLDS THE
28 RANK OF LIEUTENANT BADGE #50. DEFENDANT HAMPTON

1  denied plaintiff's grievances on multiple claims
2  through the jail's administrative remedy proced-
3  ures. Defendant is an active participant for the
4  acts complained herein, via his direct involvement
5  and in his capacity as decision maker. He is sued
6  in his official capacity for injunctive relief and
7  in his individual capacity for damages.
8      19. Defendant Schaller is a supervisor at the
9  Sacramento County Main Jail who holds the rank of
10  Sergeant badge #2021. Defendant Schaller had
11  direct involvement in many of plaintiff's forced
12  cell moves. She was an active participant for the
13  acts complained herein, via her involvement and in
14  her capacity as decision maker in the grievance
15  process. She is sued in her official capacity for
16  injunctive relief and her individual capacity for
17  damages.
18      20. Defendant Pfau is a supervisor at the
19  Sacramento County Main Jail who holds the rank of
20  Sergeant badge #128. Defendant Pfau denied plaintiff's
21  grievance through the jail's administrative remedy
22  procedures. Defendant is an active participant for
23  the acts complained herein, via her direct involvement
24  and her capacity as decision maker. She is sued in her
25  official capacity for injunctive relief and her in-
26  dividual capacity for damages.
27      21. Defendant Saika is an intelligence deputy
28  at the Sacramento County Main Jail who holds the

1  RANK OF SERGEANT badge # 38. Defendant Saika Has
2  direct responsibility For the policies, procedures
3  and operations of Plaintiff's conditions of confinement
4  in 8-west (T. sep), thus, via His direct involvement
5  as a participant in the acts complain Herein. He
6  is sued in His official capacity for injunctive
7  relief and in His individual capacity for damages.
8      22. Defendant Terry Toliver is a chaplain at
9  the Sacramento County Main Jail. Defendant Toliver
10 is responsible for religious matters concerning
11 Dietary Meals. He is a direct participant in
12 Plaintiff's exercise of religion claim, both via His
13 direct involvement and in His capacity as decision
14 Maker. He is sued in His official capacity for in-
15 junctive relief and in His individual capacity For
16 damages.
17
18         Statement of Facts
19     23. Plaintiff Yandell incorporates all facts
20 previously and further avers as follows:
21     24. On 7-1-19 Plaintiff was transferred from
22 New Folsom State Prison to the Sacramento Main
23 Jail to Face Federal charges.
24     25. On 7-1-19 Plaintiff was processed through
25 intake/Booking and Housed on 8-west 400 Pod.
26     26. 8-west is restricted Housing referred to
27 as Total separation (T sep) where Prisoners are
28 confined in single cells up to 22½ Hours a day.

1    27. PLAINTIFF WAS NOT GIVEN NOTICE, ANY TYPE OF
2    HEARING, OR EVEN TOLD HOW, OR WHY HIS DECISION
3    WAS REACHED TO AUTOMATICALLY PLACE PLAINTIFF
4    IN LONG TERM ISOLATION.
5    28. PLAINTIFF'S LONG TERM CONFINEMENT IN (T-SEP)
6    "TWO YEARS, AND COUNTING" HAS VIOLATED PLAINTIFF'S U.S.
7    CONSTITUTIONAL RIGHTS IN THE POLICIES SET FORTH IN
8    THE REMEDIAL PLAN RE: MAYS V. COUNTY OF SACRAMENTO,
9    CASE NO. 2:18-CV-02081-TLN-KJN.
10    29. PLAINTIFF IS CHALLENGING THE CONSTITUTIONALITY
11    OF THE JAIL COMMANDER'S EXECUTIVE DECISION TO PLACE
12    PLAINTIFF IN LONG TERM CONFINEMENT WITHOUT PROPER
13    DUE PROCESS PROCEDURES.
14    30. WITHIN DAYS OF PLAINTIFF'S ARRIVAL AT THE
15    SACRAMENTO COUNTY MAIN JAIL HE BEGAN MEETING WITH
16    HIS LEGAL TEAM.
17    31. THE ATTORNEY/CLIENT VISITING BOOTH IS A
18    SMALL ROOM WITH A THICK WINDOW SEPARATING CLIENT
19    AND ATTORNEY AND IS NOT CONFIDENTIAL DUE TO THE
20    JAIL'S OWN ADMISSION THAT IT IS NOT SOUND PROOF.
21    32. THE SOCIAL VISITING AREA IS DIRECTLY IN THE
22    VICINITY OF THE ATTORNEY/CLIENT BOOTH, AND IF SOME-
23    ONE IS OCCUPYING THE SOCIAL AREA CONVERSATIONS
24    CAN EASILY BE OVERHEARD BY ALL PARTIES WHICH
25    HINDERS PLAINTIFF'S ABILITY TO STRATEGIZE WITH HIS
26    LEGAL TEAM.
27    33. THIS SERIOUS VIOLATION WAS AT ISSUE IN
28    PLAINTIFF'S CRIMINAL CASE 2:19-CR-00107-KJM AND

1    PLAINTIFF AND HIS CO-DEFENDANTS WERE Advised to

2    FILE CIVIL COMPLAINTS ON THE MATTER.

3      34. JAIL COMMANDERS HAVE STATED THEY HAVE

4    NO PLANS to MAKE THE Attorney/Client booth sound

5    PROOF.

6      35. ON July 11, 2020 PLAINTIFF WAS INVOLVED in A

7    PHYSICAL ALTERCATION WITH THREE DEPUTIES AFTER A

8    DEPUTY pushed CELL DOOR IN PLAINTIFF's FACE.

9      36. PLAINTIFF WAS FOUND GUILTY OF ASSAULT

10    AND GIVEN 15 DAYS LOSS OF PRIVILEGES.

11      37. PRIOR to THE ALTERCATION PLAINTIFF OCCUPIED

12    THE SAME CELL FOR 9 OR 10 MONTHS.

13      38. WITHIN 2 to 3 days AFTER PLAINTIFF's ALTER-

14    CATION WITH DEPUTIES PLAINTIFF AND HIS CO-DEFEND-

15    ANTS WERE told by SEVERAL DEPUTIES THAT THEY

16    WERE ORDERED by THEIR COMMANDERS to MAKE US

17    UNCOMFORTABLE by MOVING US CELL to CELL ON A

18    WEEKLY BASIS.

19      39. SOME OF THESE CELL MOVES WERE CARRIED

20    OUT At MIDNIGHT OR THREE IN THE MORNING by

21    A SERVEANT AND 3 to 4 DEPUTIES by BANGING

22    ON CELL DOOR AND SHINNING A FLASHLIGHT IN

23    PLAINTIFF's EYES.

24      40. ONCE PLAINTIFF is HANDCUFFED HE is ESCORTED

25    DOWNSTAIRS to INTAKE/BOOKING PARADED IN FRONT OF

26    NEWLY ARRIVED INMATES, GIVEN body SCAN, RETURNED

27    to B-WEST 400 pod, AND PLACED IN A DIFFERENT CELL.

28      41. PLAINTIFF's PROPERTY is SEARCHED, INCLUDING

1  legal work which is tossed up and mixed which
2  takes Plaintiff hours to rearrange.
3    42. The different cell Plaintiff is placed in is
4  previously occuppied by another inmate and is
5  unsanitary.
6    43. The Deputies do not sanitize these cells
7  after moving previous inmate nor any jail
8  workers
9    44. To clean cell Plaintiff must use his un-
10  covered hands in order to sanitize floor, toilet
11  and sink without proper cleaning equipment.
12    45. These Abitrary cell moves began in
13  July, 2020 and have been continuelly carried
14  out on 8-19-20, 11-7-20, 11-27-20, 12-11-20,
15  12-22-20, 1-11-21, 1-30-21, 2-14-21, 4-7-21 and
16  4-28-21.
17    46. Also it should be pointed out that 400 Pod
18  was raided at Midnight on 3-1-21, and 3-29-21
19  by 40 to 50 Deputies with K-9's where Plaintiff
20  and his co-Defendants were handcuffed for hours
21  in separate visiting booth and Deputies trashed
22  cells.
23    47. This designed Harassment has been
24  appealled by Plaintiff numerous times and jail
25  commanders, and supervisors have given nothing
26  but contradicting reasons for these retaliatory
27  cells moves
28    48. Only Plaintiff and his co-Defendants

Page 9 of 16

1  ARE MOVED ON A WEEKLY BASIS ATYPICAL TO ALL

2  OTHER CLASS INMATES.

3    49. SINCE PLAINTIFF'S PLACEMENT IN(T-SEP)HE HAS NOT

4  BEEN ALLOWED ADEQUATE OUTSIDE RECREATION,

5    50. PLAINTIFF WAS NOT ALLOWED OUTSIDE RE-

6  CREATION FROM OCT., 2020 TO MAR., 2021, AND

7  IS NOW ONLY ALLOWED OUT 4 TO 5 HOURS A MONTH.

8    51. PLAINTIFF IS A PRACTICING BUDDHIST. PLAINTIFF

9  SENT MULTIPLE REQUESTS AND GRIEVANCE TO JAIL

10  CHAPLAIN REQUESTING A VEGETARIAN DIET

11    52. CHAPLAIN TERRY TOLIVER RESPONDED TO RE-

12  QUESTS BY HAVING PLAINTIFF ANSWER RELIGIOUS

13  QUESTIONS AS SOME KIND OF TEST.

14    53. PLAINTIFF IS NOT REQUIRED TO ANSWER OR

15  EXPLAIN HIS RELIGIOUS REASONS TO ANYONE BUT

16  PLAINTIFF STILL EXPLAINED THE CORE BUDDHISM

17  DOCTRINE.

18    54. AFTER PARTICIPATING IN HIS QUESTIONING

19  FROM A CATHOLIC CHAPLAIN CONCERNING A RELIGION

20  NOT OF HIS FAITH HE DENIED PLAINTIFF'S REQUEST

21  AS INSINCERE.

22    55. THEN ON 3-20-20 PLAINTIFF FILED ANOTHER

23  GRIEVANCE REQUESTING A VEGETARIAN DIET WHICH

24  IS PLAINTIFF'S RIGHTS UNDER SENATE BILL 1138

25  SIGNED INTO LAW SEPT. 18, 2018 BY THEN GOVERNOR

26  BROWN FOR PERSONAL AND HEALTH REASONS SINCE

27  PLAINTIFF SUFFERS FROM A DOCUMENTED CHRONIC

28  CONDITION BUT GRIEVANCE WAS COMPLETELY IGNORED.

1    56. PLAINTIFF HAS FILED NUMEROUS GRIEVANCES
2    ON ALL ISSUES ABOVE AND ALL WERE DENIED OR
3    IGNORED OUTRIGHT.
4
5              CLAIMS FOR RELIEF
6
7              FIRST CLAIM
8        FOURTEENTH AMENDMENT VIOLATION: DUE PROCESS.
9    DEFENDANTS SCOTT JONES, BRANDON LUKE, HAMPTON
10   badge #50, SAIKA badge #38, PFAU badge #128, SCHULER
11   badge #2021 AND MCKRASIE badge #165 violated
12   PLAINTIFF'S RIGHTS UNDER THE FOURTEENTH AMEND-
13   MENT to the United States Constitution to due PROCESS.
14
15   Supporting FACTS: ALL Above DEFENDANTS violated
16   PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS to due
17   PROCESS FOR FAILURE to follow REMEDIAL PLANS
18   /NEW POLICIES SET FOR THE RE: MAYS V. SACRAMENTO
19   COUNTY CASE NO. 2:18-CV-02081-TLN-KJN. PLAINTIFF
20   does not MEET CRITERIA FOR LONG tERM isolAtion.
21
22   INJURY: Undue stress, ANxiety AND quality oF
23   LIFE Atypical to similar situated inmAtes in the
24   SACRAMENTO County MAIN JAIL.
25
26              Second ClAIM
27        FIRST AMENDMENT VIOLATION: CONFIDENTIAL
28   LEGAL visits. DEFENDANTS Scott JONES, BRANDON

1   LUKE, SCHALLER badge #2021 and MCKRASIE badge
2   #165 violated PLAINTIFF's FIRST AMENDMENT
3   Rights to the United States Constitution FOR
4   FAILURE to provide PLAINTIFF with a Confidential
5   Attorney/Client visiting booth to confer with
6   His legal team without being overheard by
7   Deputies and other inmates.
8
9   Supporting Facts: ALL above DEFENDANTS HAVE
10  violated PLAINTIFF's First Amendment Rights
11  FOR FAILURE to provide PLAINTIFF with a
12  Confidential Attorney/client visiting booth
13  either in their position as Policy MAKER or
14  position as decision MAKER through the
15  grievance process under the United States
16  Constitution.
17
18  Injury: Undue Stress and anxiety FROM not being
19  Able to properly and confidentially speak with
20  My legal team.
21
22                 THIRD CLAIM
23          Eighth Amendment Violation: Conditions
24  of Confinement. DEFENDANTS Scott Jones, BRANDON
25  Luke, Hampton badge # 50, SAIKA badge # 38, SCHALLER
26  badge #2021 and MCKRASIE badge #165 violated
27  PLAINTIFF's Eighth AMENDMENT Rights to the United
28  States Constitution by ORDERING, and Allowing

1  A systematic plan of retaliation against
2  Plaintiff after July 11, 2020 altercation with
3  Deputies by moving him cell to cell every 7 to
4  21 days and being placed in a different unsanitary
5  cell.
6
7  Supporting Facts: All above defendants have
8  violated Plaintiff's Eighth Amendment rights to
9  the United States Constitution by ordering the
10  retaliation in arbitrary cell to cell moves
11  in unsanitary condition or for their failure
12  to take corrective action through the griev-
13  ance process after Plaintiff's altercation
14  with Deputies July 11, 2020 which shows a
15  crystal clear picture of punitive retaliation.
16
17  Injury: Undue stress and anxiety atypical to
18  similar situated Sacramento County Main Jail
19  inmates.
20
21                Eighth Claim
22        Eighth Amendment violation: Conditions
23  of Confinement. Defendants Scott Jones,
24  Brandon Luke, Schaller badge #2021, and
25  McKrasic badge #165 violated Plaintiff's Eighth
26  Amendment rights to the United States Constitu-
27  tion for failure to provide adequate outside
28  recreation

1
2  Supporting Facts: All Above Defendants have
3  violated Plaintiff's Eighth Amendment Rights
4  to the United States Constitution for their
5  failure to provide Plaintiff with adequate
6  outside recreation. From Oct., 2020 to Mar.,
7  2021 Plaintiff received no outside recreation
8  And now only, receives 4 to 5 hours a month.
9  As Policy makers or decision makers Defend-
10 ants are all responsible.
11
12 Injury: Quality of life Atypical to similar
13 situated inmates
14
15          FIFTH CLAIM
16     First Amendment Violation: Exercise
17 of Religion. Defendant Terry Toliver
18 violated Plaintiff's First Amendment Rights
19 to the United States Constitution for failure
20 to provide vegetarian diet in line with
21 Plaintiff's Buddhism beliefs of not eating
22 meat or foods processed with animal
23 by-products.
24
25 Supporting Facts: Defendant Toliver violated
26 Plaintiff's First Amendment Rights by deny-
27 ing his requests for a vegetarian diet
28 in line with Plaintiff's Buddhism belief

1  IN NOT EATING ANIMALS. ALSO DEFENDANT
2  TOLIVER DENIED / IGNORED PLAINTIFF'S REQUEST
3  FOR A VEGETARIAN DIET UNDER SENATE BILL
4  1138 WHICH IS ALSO PLAINTIFF'S RIGHT FOR
5  PERSONAL OR HEALTH REASONS.
6
7  INJURY: QUALITY OF LIFE TO SIMILAR SITUATED
8  PRACTICING BUDDHISTS.
9
10          EXHAUSTION OF REMEDIES
11     PLAINTIFF HAS FULLY EXHAUSTED AVAILABLE REMEDIES.
12
13          PRAYER FOR RELIEF
14     WHEREFORE, THE PLAINTIFF PRAYS THAT THIS
15  HONORABLE COURT GRANT THE FOLLOWING RELIEF:
16     a. DECLARE THAT THE ACTS AND OMISSIONS OF THE
17  DEFENDANTS VIOLATED PLAINTIFF'S CONSTITUTIONAL
18  RIGHTS AND FEDERAL LAW;
19     b. ENTER AN INJUNCTION REQUIRING THE DEFENDANTS,
20  THEIR AGENTS, SUBORDINATES, EMPLOYEES, AND ALL
21  OTHERS ACTING IN CONCERT WITH THEM TO CEASE THEIR
22  UNCONSTITUTIONAL AND UNLAWFUL PRACTICES AND
23  TO REMEDY THEIR VIOLATIONS OF THE CONSTITUTION
24  AND THE LAWS;
25     c. ENTER AN INJUNCTION REQUIRING DEFENDANTS
26  TO RESTORE ALL RIGHTS AND PRIVILEGES;
27     d. AWARD TO PLAINTIFF REASONABLE COSTS AND
28  FEES;

1   F. AND, GRANT the PLAINTIFF SUCH OTHER RELIEF
2   AS the COURt MAy deEM just AND PROPER.
3
4
5   RESPECtFuLLy SubmitHed, this the 26TH dAy OF
6   MAy, 2021
7
8                              RonAld YANdeLL
9                              Ronald Yandell 5045824
10                             651 "I" StReet
11                             SACRAMENTO, CA.
12                             - 95814 -
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28