Ronald Yandell / 5045884
651 "I" Street
Sacramento, CA. 95814
In Pro-Se

FILED
AUG 30 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

United States District Court
For the Eastern District of California

Ronald Yandell,
   Plaintiff

v.

Donald Washington, et al.,
   Defendants

No. 2:21-cv-00469-JAM-AC

Objections to Findings and Recommendations

Objections to Magistrate Judge's Findings and Recommedations.

A. Claim One

Plaintiff has identified the Jail's failure to follow the provisions of the Mays decree. See: Second Amended Complaint page 17.

The Jail is not above precedent case law and has violated Plaintiff's Fourteenth Amendment Rights to Due Process under the United States Constitution.

Inmates that commit serious Rules Violations are placed in T-Sep for punishment, the same exact T-Sep Plaintiff has been housed in for

Page 1 of 7

1. twenty five months, so the court should not make
2. a distinction between inmates under the same
3. restrictive conditions. See: Ashcroft v Iqbal,
4. 129 S.ct 1937 (2009). Surprenant v. Rivas, 424
5. F.3d 5,7 (1st Cir. 2005)(Holding Detainees have a
6. Liberty interest in avoiding punishment); Holly
7. v. Woolfolk, 415 F.3d 678, 679-80 (7th Cir. 2005)
8. (noting holdings that "Any nontrivial punishment
9. of a person not yet convicted [is] a sufficient
10. deprivation of liberty to entitle him to due process
11. of law").
12.     One federal circuit court has said:"Although
13. pre-trial detainees do not have a liberty in being
14. confined in the general prison population they do
15. have a liberty interest in not being detained
16. indefinitely in the SHU without explanation or
17. review of their confinement" because "the pro-
18. tections due to sentenced inmates provide a floor
19. for what pre-trial detainees may expect". See:
20. Stevenson v Carrol, 495 F.3d 62, 69 (3rd Cir. 2007).
21. cert. denied, 128 S.ct. 1223 (2008)." It added that
22. detainees are entitled to the usual procedural
23. safeguards for administrative or disciplinary
24. confinement".
25.     The basic requirement of due process is the
26. right to notice and an opportunity to be heard.
27. Hamdi v. Rumsfeld, 542 U.S. 507, 533, 124 S.ct.
28. 2633 (2004); Logan v. Zimmeran Brush Co., 455 U.S.

422, 437, 102 S.Ct. 1148 (1982) (citation omitted) See: Goss v. Lopez, 419 U.S. 565, 579, 95 S.Ct. 729 (1975) and cases cited.

The jail failed to review plaintiff's classification status for two years. When the jail did review plaintiff's status on 7-15-21 it stated criteria for re-classification to a lower status was to refrain from receiving disciplinary incidents, participate in programs or classes, and/or become a facility worker. See: Exhibit A. Plaintiff has one disciplinary infraction in over two years and plaintiff can never meet the jail's criteria for lower classification status because no one in T-Sep is allowed programs or classes nor given an opportunity as a facility worker.

Plaintiff has clearly stated a claim for a Due Process violation and need not show actual injury. Precedent from the Supreme Court about nominal damages supports the reasoning that punitive damages do not require the showing of a compensable injury for violation of constitutional rights is "Actionable for nominal damages without proof of actual injury". See: Carey v. Piphus, 435 U.S. 247, 266 (1978). Also the Eleventh Circuit Court recently aligned itself with the First, Second, Third, Fifth, Eighth and Ninth Circuit Courts of appeals in holding that "8.1997

1 e(e) permits claims for punitive damages
2 without a physical injury requirement". See:
3 HOEVER V. MARKS, 993 F.3d 1353 (11th Cir. 2021)
4 (en blanc).

### B. SECOND CLAIM

Plaintiff's second claim is a First Amendment violation not a Sixth Amendment violation.

Plaintiff contends Defendants have violated Plaintiff's First Amendment rights under the United States Constitution for failure to provide Plaintiff with confidential Attorney/Client visiting booth to confer with legal team without being overheard by Deputies and other inmates.

There is no dispute that the legal booths in the Sacramento County Main Jail 8 West are not confidential as Plaintiff explained in Second Amended Complaint pages 18, 19 and 20.

This is a serious U.S. Constitutional violation of Plaintiff's First Amendment right to meet and consult with counsel confidentially. See: STURM V. CLARK, 835 F.2d 1009, 1015 and N.3 (3rd Cir. 1987) (Holding special restrictions on Attorney/Prisoner consultation stated a violation of her First Amendment

1. Rights; William v. Price, 25 F.Supp.2d 623,
2. 629-30 (WD 1998)(Holding that lack of confidentiality
3. in Attorney/Client consultation violated the
4. First Amendment and "Plaintiff contends even
5. more so with him facing potential Death
6. Penalty charges."
7.     Furthermore Plaintiff is "Not obligated
8. to show actual injury". "The Challenged Actions
9. have caused actual injury by impeding the
10. litigation of a non-frivolous claim." See:
11. Al-Amin v. Smith, 511 F.3d 1317, 1334 (11th Cir. 2008)
12. cert. denied 129 S.ct. 104 (2008); Jones v Brown,
13. 461 F.3d 353, 359-60 (3rd Cir. 2006) cert. denied
14. 549 U.S. 1286 (2007).
15.
16.     C. Third Claim
17.     Plaintiff contends Defendants have
18. violated Plaintiff's First Amendment Rights
19. under the United States Constitution with
20. retaliation after altercation with Deputies.
21.     The chronological order of events
22. and Deputies own statements clearly demo-
23. strate retaliation.
24.     1.) Plaintiff arrived at the Sacramento
25. County Main Jail on 7-1-19.
26.     2.) Plaintiff remained in the same cell
27. for over 10 months.
28.     3.) On 7-11-20 Plaintiff was involved

1. in altercation with 3 deputies.
2. 4.) Within a day or two after altercation
3. several Deputies stated to Plaintiff they
4. were told by their Higher-ups to make Plaintiff
5. uncomfortable.
6. 5.) Deputies began moving Plaintiff cell
7. to cell on a weekly basis after rousing
8. Plaintiff in the middle of the night, handcuffed,
9. taken to intake for full body scan, and
10. placed in a different unsanitary cell.
11. Plaintiff contends the chronological
12. order of events paints a clear picture of
13. retaliation since moving Plaintiff every
14. few weeks to the exact same cells has
15. absolutely no legitimate penological goal.
16. See: BARNETT v. CENTONI, 31 F.3d 813, 816
17. (9th Cir. 1994) "A Prisoner suing Prison
18. officials under section 42 U.S. §1983 for
19. retaliation must allege that he was retaliated
20. against and the retaliatory action does not
21. advance legitimate penological goals".
22. Deputies statements to Plaintiff that their
23. Higher-ups told them to make Plaintiff
24. uncomfortable needs to be developed through
25. the complaint process since statements by
26. staff indicate their motive for taking
27. adverse action. See: BRUCE v. YLST, 351 F.3d
28. 1283, 1288-89 (9th Cir. 2003)(citing statement by

person who validated plaintiff as a gang member that plaintiff had "pissed off higher-ups").

"The Prison Litigation Reform Act does not bar recovering punitive or nominal damages in a First Amendment Retaliation claim." SEE: ALLAH v. AL-HAFEEZ, 226 F.3d 247, 251-52 (3rd Cir. 2000).

D. Fourth Claim

Plaintiff accepts Magistrate Judge's Findings and Recommedations to Plaintiff's Fourth Claim.

Conclusion

For good cause showing plaintiff respectfully requests the District Court Judge to reject the Magistrate Judge's Findings and Recommendations to plaintiff's First, Second, and Third Claims and allow Plaintiff to proceed on those claims with Plaintiff's Fifth Claim.

Dated: August 21, 2021       Respectfully Submitted,
                             Ronald Yandell
                             Ronald Yandell

8w 417

| INMATE CLASSIFICATION NOTICE | | |
|---|---|---|
| **Date:** 7/15/21 | **Name:** RONALD YANDELL | **X-Ref:** 5045824 |
| **Facility:** Main Jail | **Booking Number:** 10155539 | **Booking Date:** 7/1/19 |
| **Current Classification:** Administrative Segregation 1 | | **Housing Flag:** ADS1 |
| **Previous Classification:** ADS1 | | **Previous Housing Flag:** ADS1 |
| **Classification Officer:** Sgt Rolland #57 | | **Next Reclassification Date:** 7/30/21 |

**Classification Reason:**

The Classification Office has placed you in the following classification: Administrative Segregation 1 due to high notoriety and affiliations.

**Criteria for Re-Classification:**

In order for your classification level to be lowered, or maintained if you are minimum security, you must refrain from receiving disciplinary incidents, participate in programs or classes, and/or become a facility worker.

Your classification level may be raised if assaultive charges are added, or you receive any disciplinary incidents.

**Appeal Process:**

Any inmate who so desires, may appeal their classification through the grievance appeal process.

1 | Ronald Yandell/5045824
  | Your Name
2 | 651 "I" Street
  | Address
  | Sacramento, CA. 95814
3 | City, State, Zip Code
4 | Telephone Number
5 |
6 |        IN THE UNITED STATES DISTRICT COURT
7 |         EASTERN DISTRICT OF CALIFORNIA
8 | Ronald Yandell
  | Your Name;
9 |        Plaintiff,
10| vs.                        No. 2:21-cv-00469-JAM-AC
11| Donald Washington et;AC
  | Defendant(s),
12|        Defendant(s).        **PROOF OF SERVICE**
13| _____/
14|    I, the undersigned, hereby certify that I am over the age of eighteen years and
15| on __August 21_____, 20_21_, I served a copy of
16| __Objections to Findings And Recommendations__
17| by placing a copy in a postage paid envelope addressed to the person hereinafter listed
18| by depositing said envelope in the United States Mail:
   | United States District Court
19|   501 "I" Street, Suite 4-200
   |   Sacramento, CA. 95814 - 2322
20| **(List All Defendants and Addresses Served)**
21|
22| I declare under penalty of perjury that the foregoing is true and correct.
23|
24|                              Ronald Yandell
25|                                  (Signed)
26|

**Attachment 6**