UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL,<br><br>Plaintiff,<br><br>v.<br><br>DONALD WASHINGTON, et al.,<br><br>Defendants. | No. 2:21-cv-0469 DAD AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter is before the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff is proceeding on a single claim for violation of his First Amendment right to the free exercise of religion. He seeks damages from defendant Tolliver, the Sacramento County Jail chaplain, and injunctive relief from defendant Jones, the Sacramento County Sheriff. See ECF Nos. 15 (findings and recommendations), 17 (order adopting findings and recommendations). Now before the court are plaintiff's motion for summary judgment, ECF No. 25, and his request for a decision on his claim against defendant Jones, ECF No. 32. For the reasons stated below, the request for a decision will be denied as premature and the undersigned will recommend that the motion for summary judgment be summarily denied for the same reason.

////

1

I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]

A. Parties' Arguments

Plaintiff seeks summary judgment against defendants Toliver and Jones pursuant to Federal Rule of Civil Procedure 56. He contends that he should be provided with injunctive relief and damages because the undisputed facts show that defendants violated his First Amendment right to religious freedom when they denied his request for vegetarian meals consistent with his Buddhist faith. ECF No. 25 at 4-9. Jones has filed an opposition to the motion, ECF No. 26; Toliver has not.[2]

Jones argues in opposition that the motion should be denied as premature because: (1) no discovery has been conducted; (2) defendant Toliver has not yet appeared in the case; and (3) no scheduling order has issued. Id. at 2-4. Without conducting discovery, Jones contends that he is unable to determine whether plaintiff's religious beliefs and practices over time meet the sincerely held religious beliefs requirement of a First Amendment religion claim. Id. at 2-3. Jones also indicates that it remains to be determined whether plaintiff exhausted his administrative remedies prior to filing the instant action. Id. at 3.

B. Applicable Law

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Parth v. Pomona Valley Hosp.

---

[1] On October 13, 2022, defendant Jones filed a motion to dismiss the claim against him for injunctive relief (see ECF No. 15 at 4, 11 (SAC screening order); see also ECF No. 17 (order adopting findings and recommendations)), as moot given plaintiff's transfer to another penal institution. See generally ECF No. 33 (defendant Jones' motion to dismiss). Plaintiff has yet to file a response to that motion.

[2] Although the record indicates that the summons for defendant Toliver was executed and returned to the court in March 2022 (see ECF Nos. 27, 28), Toliver has not filed a notice of waiver of service. The court will address this problem under separate order.

Medical Center, 630 F.3d 794, 798-99 (9th Cir. 2010) (citing Celotex); Wyatt v. Cole, 504 U.S. 158, 171 (1992) (same).

### C. Analysis

Plaintiff's motion for summary judgment must be summarily denied as premature. Although plaintiff characterizes the factual basis of his free exercise claim as "undisputed" (see ECF No. 25 at 4-5), defendant Tolliver – whose conduct in denying defendant vegetarian meals is at issue – has not yet appeared. It is therefore unknown whether plaintiff's alleged facts are disputed by him. Defendant Jones – who appears for purposes of potential injunctive relief only – has answered and averred that he lacks information sufficient to respond to many of the pertinent allegations of the Second Amended Complaint. ECF No. 24 (Jones Answer to Second Amended Complaint).

Summary judgment motions are not generally appropriate until "adequate time for discovery" has been provided. Celotex, 477 U.S. at 322. Jones is quite right that he will be in no position to state whether or not he agrees with plaintiff's version of the facts until discovery has been conducted. In this case discovery has not even begun. Accordingly, the undersigned will recommend that the motion be summarily denied without prejudice to renewal at an appropriate time. Plaintiff is informed that in the usual course of litigation, dispositive motions should not be filed until discovery has closed. A deadline for dispositive motions, a category that includes summary judgment motions, will be set when a litigation schedule issues following clarification of defendant Tolliver's status.

## II. PLAINTIFF'S REQUEST FOR DECISION

Plaintiff reports that his attempt to negotiate a settlement with defendant Jones has failed, and he therefore seeks a ruling in the case. ECF No. 32. There can be no rulings on the merits of plaintiff's claim until Tolliver appears and responds to the Second Amended Complaint, a discovery and scheduling order issues, and discovery is conducted.

The request for a dispositive ruling is premature for the same reasons that plaintiff's motion for summary judgment is premature, and it will be denied as such.

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a decision in this matter (ECF No. 32) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 25) be summarily DENIED, without prejudice to renewal at a later stage of the proceedings..

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE