UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL, | No. 2:21-cv-0469 DAD AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DONALD WASHINGTON, et al., | |
| Defendants. | |

Plaintiff is both a state prisoner and a federal pretrial detainee, who brought this pro se action under 42 U.S.C. § 1983 to challenge the conditions of his pretrial detention at the Sacramento County Jail. Before the court are two motions: (1) defendant Jones' motion to dismiss plaintiff's claim for injunctive relief, ECF No. 33; and (2) plaintiff's "motion for non-mutual issue preclusion to reinstate claims," ECF No. 49.

I. BACKGROUND

Plaintiff filed the initial complaint in this case while he was housed at the Sacramento County Jail in relation to his prosecution in Case No. 2:19-cr-00107 KJM, charging plaintiff and others with offenses including racketeering conspiracy, conspiracy to commit murder, and multiple drug offenses. On screening pursuant to 28 U.S.C. § 1915A(a), the initial complaint was found not to state a claim for relief. ECF No. 8. Plaintiff's motion for a preliminary injunction was denied. ECF Nos. 10, 12.

1

Plaintiff was given the opportunity to file an amended complaint, which he did. ECF No. 11. The first amended complaint was screened and found not to state a claim for relief, and plaintiff was granted leave to file a second amended complaint. ECF No. 13. On screening of the second amended complaint, ECF No. 14, the undersigned found that plaintiff had stated a claim for violation of his First Amendment right to the free exercise of religion, based on the allegations that plaintiff had been denied access to vegetarian meals that he had requested to accommodate his Buddhist faith. ECF No. 15. It was recommended that the case proceed on that claim only, against defendant Chaplain Toliver for damages and against Sheriff Jones for purposes of injunctive relief only. Id. The district judge formerly assigned to the case adopted the Findings and Recommendations, and all other claims and defendants were dismissed. ECF No. 17.

II.     MOTION TO DISMISS (ECF No. 33)

Defendant Jones moves to dismiss the claim for injunctive relief on grounds that plaintiff has been transferred to California State Prison – Sacramento, and the claim is therefore moot. ECF No. 33-1 (points and authorities in support of motion). Plaintiff filed an opposition to the motion, ECF No. 38, and defendant replied, ECF No. 39.

Defendant Jones was the proper defendant for purposes of injunctive relief—and was served in his official capacity for this purpose only—because, had plaintiff prevailed on his free exercise claim while housed at the Sacramento Main Jail, the Sheriff would have been the official with authority to ensure compliance with an injunction requiring vegetarian meals. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013). Plaintiff, however, is no longer housed at the Sacramento Main Jail. See ECF No. 29 (notice of change of address to CSP-SAC). Neither Sheriff Jones nor his successor, nor any Sacramento County official, has the ability to provide vegetarian meals now that plaintiff is no longer housed in a facility run by the County.

When an inmate challenges prison conditions at a particular correctional facility, and then is transferred from the facility with no reasonable expectation of returning, any claim for injunctive relief becomes moot. See Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Johnson v. Moore, 948 F.2d 517, 519 (9th

2

Cir. 1991). To the extent that plaintiff seeks prospective injunctive relief in the form of religious meals, he can no longer obtain that relief from defendant Jones or any appropriately substituted official. Because the claim for injunctive relief is moot, Jones should be dismissed from this action.

Granting Jones' motion will have no effect on plaintiff's First Amendment claim for damages against Chaplain Toliver, the individual who is alleged to have personally violated plaintiff's rights. Plaintiff's opposition to the motion reflects the erroneous belief that the motion seeks dismissal of the free exercise claim in its entirety against both defendants. ECF No. 38. Only Jones has moved for dismissal, and the claim is moot only insofar as it is stated against him for purposes of injunctive relief. If the district judge adopts the recommendation to grant Jones's motion, plaintiff will still be able to proceed on his claim that Toliver violated his First Amendment rights.

III.   MOTION TO REINSTATE CLAIMS (ECF No. 49)

Plaintiff seeks "non-mutual issue preclusion to reinstate claims." ECF No. 49. In opposition, defendants argue that the motion is procedurally improper because plaintiff identifies no procedural vehicle or legal basis for the relief he seeks. See ECF No. 50. It is indeed the case that plaintiff's motion is based on no identifiable rule of civil procedure. The issue that plaintiff seeks to present is clear, however, in light of the procedural history of this case.

Some of the claims that were dismissed from plaintiff's case on screening were substantially similar to those presented by the case of a co-defendant, Pat Brady,[1] and in Brady's case the Ninth Circuit ruled on appeal from dismissal that some of those claims had been screened out in error. See Brady v. Jones, Case No. 2:21-cv-0489 TLN AC, ECF No. 32 (reversing dismissal of claims related to placement in the Total Separation Unit and interference with confidential legal visits). Plaintiff wants these claims to be restored to his complaint as they

---

[1] Both plaintiff and Brady are defendants in an ongoing Aryan brotherhood conspiracy prosecution, Case No. 2:19-cr-00107 KJM. While housed at the Sacramento Main Jail, they and other codefendants were subject to heightened security provisions and experienced chronic problems meeting confidentially with their lawyers. Common issues regarding their conditions of confinement and access to counsel were raised both in the criminal case and via separate civil rights lawsuits.

3

1  have been restored in Brady's case, which was reopened on remand. Plaintiff brought this motion
2  promptly following the Ninth Circuit's decision in Brady.
3      This court has dismissed plaintiff's claims alleging that his due process rights were
4  violated by placement in the Total Separation Unit (Claim One) and that his right to confidential
5  legal visits was violated (Claim Two). ECF Nos. 15, 17. The law of the case doctrine provides
6  that "a court is generally precluded from reconsidering an issue that has already been decided by
7  the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874,
8  876 (9th Cir. 1997). A motion for reconsideration generally should not be granted unless the
9  district court is presented with newly discovered evidence, has committed clear error, or there has
10 been an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma
11 GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A party seeking reconsideration must do more
12 than disagree with the court's decision or recapitulate that which the court has previously
13 considered. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).
14 Nor can a reconsideration motion "be used to raise arguments or present evidence for the first
15 time when they could reasonably have been raised earlier in the litigation." Marlyn
16 Nutraceuticals, 571 F.3d at 880. "To succeed, a party must set forth facts or law of a strongly
17 convincing nature to induce the court to reverse its prior decision." Westlands Water Dist., 134
18 F.Supp.2d at 1131 (internal citations omitted).
19     Plaintiff asserts "issue preclusion" as a basis for reinstatement of his dismissed claims.
20 Issue preclusion, like claim preclusion, is a form of res judicata. Only final judgments can have
21 preclusive effect. See Taylor v. Sturgell, 553 U.S. 880 (2008); Hydranautics v. FilmTec Corp.,
22 204 F.3d 880, 885 (9th Cir. 2000). There has been no final judgment in the Brady case.
23 However, it is possible that the Ninth Circuit's memorandum opinion in that case demonstrates
24 the existence of clear error in the screening of plaintiff's second amended complaint. That
25 question, which goes to application of the law of the case doctrine, has not been properly
26 presented to this court and the undersigned expresses no opinion on the merits of the matter.
27     The motion at ECF No. 49 will therefore be denied as procedurally improper, without
28 prejudice to a motion for reconsideration and to amend the complaint. Plaintiff is informed that if

he brings a motion to amend pursuant to Fed. R. Civ. P. 15(a)(2), he must provide as an attachment to the motion a proposed third amended complaint that includes the claims he wishes to "reinstate" as well as reproducing the free exercise claim that has already been found suitable to proceed.[2] Such a motion should explain why an exception to the law of the case doctrine is appropriate.

CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that the motion at ECF No. 49 is DENIED as procedurally improper, without prejudice to a motion for leave to amend which is supported by a proposed amended pleading.

IT IS FURTHER RECOMMENDED that:

1. Defendant Jones's motion to dismiss, ECF No. 33, be GRANTED;
2. Defendant Jones be terminated from this action; and
3. Plaintiff's First Amendment free exercise claim be dismissed as moot only insofar as it seeks injunctive relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] As plaintiff has been previously advised, the court cannot refer to a prior pleading in order to make an amended pleading complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes its predecessor. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).