UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL,<br><br>Plaintiff,<br><br>v.<br><br>DONALD WASHINGTON, et al.,<br><br>Defendants. | No. 2:21-cv-00469 DAD AC<br><br><br><br>ORDER |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion to amend his complaint along with a proposed third amended complaint. ECF Nos. 53-54. Defendants have filed an opposition to the motion to amend. ECF No. 57. For the reasons outlined below, the court will grant plaintiff's motion to amend. By separate order, the court will screen plaintiff's third amended complaint.

I.      Procedural History

In the court's screening order of the second amended complaint, plaintiff was denied further leave to amend because there were no additional facts he could allege that would state claims upon which relief could be granted. ECF No. 15 at 11. Thus, this case is presently proceeding only on claim five against defendant Toliver for a First Amendment violation of the free exercise clause. ECF No. 56 (order adopting Findings and Recommendations of November 15, 2023).

## II. Motion to Amend

Instead of relying on additional facts to support his motion to amend, plaintiff cites to the Ninth Circuit Court of Appeal's ruling in his co-defendant's § 1983 case challenging this court's dismissal of his amended complaint for failing to state a claim.[1]  ECF No. 53 at 1; see also Brady v. Jones, No. 2:21-cv-00489-TLN-AC (E.D. Cal.) at ECF No. 32 (Memorandum Opinion).  The Ninth Circuit concluded that Brady's amended complaint sufficiently alleged a due process violation based on his placement in the Total Separation Unit ("TSU") and First and Sixth Amendment violations based on the denial of confidential visits with counsel in his criminal case.  See Brady, at ECF No. 32.  As a result, Brady's complaint was remanded to this court and service of the first amended complaint was ordered.  See Brady, at ECF No. at 40.  In light of the Ninth Circuit remand order in Brady, plaintiff seeks to amend his complaint to add the challenges to his placement in the TSU as well as his claim related to the lack of confidential legal visits while confined at the Sacramento County Main Jail.  ECF No. 53 at 2.

In opposition to the motion to amend, defendant relies exclusively on this court's prior screening orders which concluded that the TSU and non-confidential attorney-client visits were insufficiently pled to state a claim.  ECF No. 57 at 2.  The opposition does not address the Ninth Circuit remand order in the co-defendant's § 1983 case.

## III. Legal Standards

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint after a responsive pleading has been filed is only permitted with the opposing party's consent or by leave of court.  Leave to amend should be freely given "when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Circuit 1987).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought

---

[1] The court takes judicial notice of the docket in Brady v. Jones, No. 2:21-cv-00489-TLN-AC (E.D. Cal.).  See Fed. R. Evid. 201(b); see also Diamon v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (stating that a court may take judicial notice of its own records).

in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted). Based on Rule 15's standard favoring amendment, the nonmoving party has the burden of demonstrating why leave to amend should not be granted. Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986).

   IV.   Analysis

In this case, the court finds that the interests of justice dictate that plaintiff be granted leave to amend in light of the Ninth Circuit remand order in Brady. By failing to address this aspect of the motion to amend, defendant has failed to meet his burden of demonstrating that leave to amend should be denied. See Senza-Gel, 803 F.2d at 666. Additionally, defendant does not even argue that he would be prejudiced if leave to amend is granted. The additional factor of futility is not present in the instant case for the reasons articulated in the Ninth Circuit's remand order in Brady. Nor does the record suggest any bad faith on the part of plaintiff. Granting leave to amend at this juncture will not cause undue delay because no discovery and scheduling order has yet issued in this case. For all these reasons, plaintiff's motion to amend is granted. The court will screen plaintiff's third amended complaint by separate order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 53) is granted based on the interests of justice.

DATED: April 1, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3