UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL, | No. 2:21-cv-00469 DAD AC |
| Plaintiff, | |
| v. | ORDER FINDING SERVICE APPROPRIATE AS TO CERTAIN DEFENDANTS AND FINDINGS AND RECOMMENDATIONS TO DISMISS REMAINING DEFENDANTS |
| DONALD WASHINGTON, et al., | |
| Defendants. | |

Plaintiff was, at the time of filing, a federal pretrial detainee proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed a third amended complaint that is now before the court for screening. ECF No. 54.

I.   Screening Requirement

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

II. <u>Allegations in the Third Amended Complaint</u>

At all times relevant to the allegations in the amended complaint, plaintiff was a federal pretrial detainee held in custody at the Sacramento County Main Jail. The third amended complaint challenges various conditions of his confinement at the jail. Plaintiff names the Sacramento County Sheriff Scott Jones, Commander Brandon Luke, Assistant Commanders McKrasie and Hampton, Sergeants Schaller, Pfau, and Saika, as well as Chaplain Terry Toliver as defendants in this action.

In his first claim for relief, plaintiff alleges that defendants Jones, Luke, Hampton, Saika, Pfau, Schaller, and McKrasie violated his Fourteenth Amendment right to due process by arbitrarily placing him in the total separation housing unit ("TSEP") without any notice or a hearing. Plaintiff raises a First Amendment violation against defendants Jones, Luke, Schaller, and McKraise for failing to provide him with a confidential room for his attorney-client visits concerning his pending federal criminal charges.[1] Lastly, plaintiff asserts a First Amendment free exercise claim against defendant Toliver for denying him a vegetarian diet that is consistent with his Buddhist beliefs. Plaintiff filed numerous grievances concerning these conditions of confinement which were denied by defendants McKrasie, Hampton, Schaller, and Pfau.

III. <u>Legal Standards</u>

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. <u>Buckley</u>, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an

---

[1] It should be pointed out that plaintiff does not allege a separate Sixth Amendment violation as part of this claim.

administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### IV. Analysis

Upon conducting the required screening, the undersigned finds that the complaint sufficiently alleges a Fourteenth Amendment due process claim against defendants Jones, Luke, and Saika based on plaintiff's placement in the TSEP; a First Amendment violation against defendants Jones and Luke for failing to provide a confidential attorney-client visitation area; and a First Amendment free exercise claim against defendant Toliver for failing to provide plaintiff with a vegetarian diet consistent with his Buddhist beliefs. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of these claims. Therefore, the court will direct plaintiff to complete the documents required to serve defendants Jones, Luke, and Saika with the third amended complaint.[2]

Plaintiff has failed to state a separate claim for relief against defendants McKrasie, Hampton, Schaller, and Pfau based solely on their review of his administrative grievances. Buckley, 997 F.2d at 495. Plaintiff does not allege that these defendants personally participated in any other violation of his constitutional rights. Therefore, the undersigned recommends that defendants McKrasie, Hampton, Schaller, and Pfau be dismissed from this action. It is further recommended that leave to amend the complaint be denied as it does not appear to the court that the defects with respect to these defendants are curable. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### V. Plain Language Summary for Pro Se Party

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

////

---

[2] Defendant Toliver has already been served and entered an appearance in this case.

3

The court has reviewed the allegations in your third amended complaint and determined that some state cognizable claims and others do not. The court is ordering service on defendants Jones, Luke, Saika, and Toliver. To proceed with the claims against these defendnats, you must complete and return the attached Notice of Submission of Documents form within 30 days.

The undersigned is recommending that defendants McKrasie, Hampton, Schaller, and Pfau be dismissed from this action for failing to state a claim against them. Reviewing the administrative grievances that you filed pertaining to your conditions of confinement is not sufficient to state a constitutional violation by these defendants. Since this defect is not curable, the undersigned is recommending that these defendants be dismissed without leave to amend. If you disagree with this recommendation, you may explain why it is not the correct outcome within 14 days from the date of this order. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants Jones, Luke, Saika, and Toliver.

2. The Clerk of the Court shall send plaintiff three USM-285 forms for defendants Jones, Luke and Saika, one summons, an instruction sheet and a copy of the third amended complaint docketed on December 4, 2023.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for defendants Jones, Luke, and Saika; and

   d. Four copies of the endorsed third amended complaint docketed on December 4, 2023.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to

////

4

serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER RECOMMENDED that defendants McKrasie, Hampton, Schaller, and Pfau be dismissed from this action without leave to amend for failing to state a claim against them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL,<br><br>        Plaintiff,<br><br>  v.<br><br>DONALD WASHINGTON, et al.,<br><br>        Defendants. | No. 2:21-cv-00469-DAD-AC<br><br><u>NOTICE OF SUBMISSION</u> |

      Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____
                      Third Amended Complaint

DATED:

                                                  _____
                                                  Plaintiff